

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2006

# O'Callaghan v. Farmer

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4565

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"O'Callaghan v. Farmer" (2006). *2006 Decisions*. Paper 812.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/812

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4565

———

D.T.B., a minor child, by his next friend DANIEL J.
O'CALLAGHAN; DANIEL J. O'CALLAGHAN,

<u>Appellants</u>

v.

HON. JOHN J. FARMER, JR. in past or present official capacity as
Attorney General of the State of New Jersey; HON. JOHN J. HARPER,
in his past or present official capacity as Justice of the
Superior Court of New Jersey, Chancery Division, Family
Part; DAVID F. SALVAGGIO; MATHIAS R. HAGOVSKY; ANN T. SCUCCI

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 01-cv-06530)
District Judge: Honorable Joseph A. Greenaway, Jr.

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 29, 2006

Before: BARRY, VAN ANTWERPEN, and JOHN R. GIBSON,[*] <u>Circuit Judges</u>.

(Filed   June 29, 2006 )

———

[*]Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting
by designation.

OPINION

PER CURIAM

Appellants Daniel O'Callaghan and his son D.T.B. challenge the refusal of the District Court to vacate several 2001 and 2003 judgments pursuant to Fed.R.Civ.P. 60(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and will affirm for the reasons set forth below.

Because we write solely for the benefit of the parties, we state the facts only as they pertain to our analysis. This Court upheld on September 14, 2004, the District Court's entry of various orders dismissing Appellants' claims versus a New Jersey family court judge, the New Jersey Attorney General, a court-appointed *guardian ad litem* and psychologist, and the family court lawyer formerly representing D.T.B.'s mother. *D.T.B. v. Farmer*, 114 Fed. Appx. 446 (3d Cir. 2004) (per curiam). We affirmed the District Court's conclusion that Appellants' claims were barred by, *inter alia*, the *Rooker-Feldman* doctrine and absolute immunity. The Supreme Court denied Appellants' Petition for Certiorari on June 20, 2005. *D.T.B. v. Farmer*, 73 U.S.L.W. 3733 (U.S. June 20, 2005).

Appellants then filed, in the District of New Jersey on July 12, 2005, a Motion to Vacate the District Court's previous Orders pursuant to Fed.R.Civ.P. 60(b). The District Court denied this motion on September 12, 2005.

2

We review a District Court's denial of a Rule 60(b) motion for abuse of discretion.[1] *Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 342 (3d Cir. 2003). We will reverse only if the District Court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir. 1993). We will not disturb the District Court's exercise of discretion absent a "definite and firm conviction that the court below committed a clear error of judgment." *Id.* (quotation marks and citation omitted). Such Rule 60(b) motions may be granted only upon a showing that the underlying judgment is, e.g., "void," if it is "no longer equitable that the judgment should have prospective application," or for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(4)-(6). After careful consideration of the Appellants' arguments, we cannot conclude that the District Court abused its discretion in denying the motion to vacate. We concur that *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (U.S. 2005), did not render the underlying judgments void.

For the foregoing reasons, we will affirm the District Court below. We will also deny Appellants' Motion Upon Recent Events.

---

[1] On October 21, 2005, this Court ordered the parties to address whether our current review should be limited to the District Court's denial of the Rule 60(b) motion to vacate, in light of our previous affirmance of the District Court's underlying judgments. As Appellants have presented no meritorious *legal* argument against such limiting, and in light of the Supreme Court's refusal to review this Court's previous decision, we will so limit our current review.

3